IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREA SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-777-M |
| ) | |
| BRIDGESTONE/FIRESTONE, INC. ) | |
| NON-CONTRIBUTION PENSION PLAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is "Defendant's Motion for Summary Judgment" [docket no. 36], filed October 20, 2006. On January 25, 2007, Plaintiff filed her response, and on February 9, 2007, Defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  INTRODUCTION

On June 25, 2004, Plaintiff filed this action alleging that Defendant improperly denied her claim for disability benefits under the Pension and Insurance Agreement (the "P&I Agreement") between Bridgestone/Firestone, Inc. and the United Steelworkers of America, AFL-CIO, Local 998, (the "union") dated September 21, 2000.[1] Defendant moves for summary judgment on Plaintiff's claim because it was previously adjudicated through binding arbitration in accordance with the P&I Agreement. Defendant further contends that its decision denying Plaintiff's application for benefits

---

[1] In this case, Plaintiff's claim hinges on the analysis of the P&I Agreement, and, although Plaintiff purports to bring this claim pursuant the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), "governs claims founded directly on rights created by collective-bargaining agreements [CBAs], and also claims substantially dependent on analysis of a collective-bargaining agreement." *See Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1163-64 (10th Cir. 2004) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987)). As such, the Court finds that Plaintiff's claim is governed by section 301 of the LMRA.

was not arbitrary and capricious.

II.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Simms v. Oklahoma ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if [, viewing the full record,] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, a defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *cited in Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp.

2d 1263 (W.D. Okla. 2005).

III.   DISCUSSION

Plaintiff does not deny that her claim was previously adjudicated through binding arbitration; rather, Plaintiff asserts that she should be allowed to pursue her claim in this Court because the integrity of the prior arbitration was undermined by the Union's breach of its duty of fair representation.  Specifically, Plaintiff asserts that the union (1) failed to inform her that, by submitting her claim to arbitration, she was giving up her right to pursue her claim in federal court, (2) failed to retain legal counsel to represent her during the arbitration, and (3) failed to present evidence necessary to establish her right to disability pension benefits under the Plan.[2]  Plaintiff's Affidavit at 2, attached as Exhibit A to Plaintiff's Response.  Defendant contends that Plaintiff's fair representation claim is time-barred.

An employee suing an employer for breach of a collective bargaining agreement, ordinarily, must attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement.  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983).  Further, subject to very limited judicial review, the employee is bound by the result according to the finality provisions of the agreement.[3]  *Id*.  This finality rule, however, "works an unacceptable injustice when the union

---

[2]The Court would note that Plaintiff conclusorily asserts that "the Union was grossly negligent in the handling of my grievance and the arbitration hearing" and that "the Union's conduct in the handling of [Plaintiff's] grievance was so unreasonable, arbitrary and grossly negligent as to constitute a violation of the Union's duty of fair representation." Plaintiff's Affidavit at 2, attached as Exhibit A to Plaintiff's Response.  Plaintiff, however, does not provide any more than a "mere scintilla" of evidence in support of these assertions.

[3]The Supreme Court has repeatedly emphasized that great deference be given to arbitration decisions. *Pickering v. USX Corp.*, 809 F. Supp. 1501, 1525 (D. Utah 1992).  Further, the Supreme Court has "cautioned the judiciary to avoid usurping the functions which collective bargaining contracts have 'entrusted to the arbitration tribunal', and instructed the courts to defer to the forum

3

representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation.[4] In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." *Id*. (citing *Vaca v. Sipes*, 386 U.S. 171 (1967)).

Such a suit comprises two "inextricably interdependent" claims. *DelCostello*, 462 U.S. at 166. First, a claim against the employer for allegedly breaching the collective bargaining agreement. Second, a claim against the union for breach of its duty of fair representation. To prevail against either the company or the union, Plaintiff must show not only that the denial of her claim was contrary to the P&I Agreement, but also that the union breached its duty of fair dealing. *See DelCostello*, 462 U.S. at 166. This type of suit is "a hybrid § 301/fair representation claim." *Id*.

The applicable statute of limitations for such "hybrid" actions is six months, *DelCostello*, 462 U.S. at 171-72, and begins to run "when an employee knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violations," *Edwards v. Int'l Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1053 (10th Cir. 1995).

---

chosen by the parties." *Id*. (quoting *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562-63 (1976)).

[4]"The duty of fair representation exists because it is the policy of the National Labor Relations Act to allow a single labor organization to represent collectively the interests of all employees within a unit, thereby depriving individuals in the unit of the ability to bargain individually or to select a minority union as their representative. In such a system, if individual employees are not to be deprived of all effective means of protecting their own interests, it must be the duty of the representative organization 'to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *DelCostello*, 462 U.S. at 164 n.14 (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)).

Further, where, as here, "a union represents an employee throughout the grievance process, a claim challenging the adequacy of that union's representation does not accrue until the dispute resolution process has been completely exhausted." *Id.* at 1053-54.

In this case, it is undisputed that Plaintiff's claim for benefits was arbitrated on March 25, 2003. As such, her "hybrid" claim accrued on March 25, 2003. *See Edwards*, 46 F.3d at 1054. The instant action was filed fifteen months later, on June 25, 2004, long after the six month limitation period had expired. Having carefully considered the parties' submissions, and viewing the evidence in the light most favorable to Plaintiff, the Court finds that the instant action is time barred and that no genuine issue of material fact remains. Accordingly, the Court finds that Defendant is entitled to summary judgment.

IV.   CONCLUSION

For the reasons set forth in detail above, the Court hereby GRANTS "Defendant's Motion for Summary Judgment" [docket no. 36].

**IT IS SO ORDERED this 10th day of July, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE